996 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward E. PALMER, Plaintiff-Appellant,
v.
TARGET STORES, Defendant-Appellee.
 No. 92-2398.
 United States Court of Appeals, Sixth Circuit.
 June 24, 1993.
 
 Before: MARTIN, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Target Stores has filed a motion to strike portions of the joint appendix which contain documents not included in the district court record. The documents sought stricken are interrogatories and request for production of documents, first request for admissions and fifth set of interrogatories, response and objections to Palmer's first request for admission and fifth set of interrogatories and a proposed protective order. Palmer responded stating that the documents were part of the district court record. However, a review of the record indicates that such documents were not filed on the district court docket sheet and are not part of the district court record. Therefore, they were improperly included in the joint appendix. See Rule 11(b), Rules of the Sixth Circuit.
 
 
 3
 Edward E. Palmer filed a Title VII race discrimination action after the defendant failed to hire him. The district court granted summary judgment for the defendant after determining that Palmer failed to meet the requirements for the job and that he did not have comparable qualifications to the people hired for the positions.
 
 
 4
 On appeal, Palmer argues that discovery was inadequate in that the district court erred in finding that he failed to present a genuine issue of material fact, and that the district court erred in finding that he failed to establish a prima facie case of race discrimination.
 
 
 5
 This court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990); Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.), cert denied, 498 U.S. 848 (1990). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 602 (6th Cir.1988).
 
 
 6
 A review of the record indicates that Palmer submitted a resume to Target Stores in which he appeared to meet the minimum qualifications for the positions and that he was given an interview. However, his resume contained inaccurate information, and he failed to have the requisite retail experience, experience in human resource management and a college degree. He failed to prove a prima facie case of race discrimination in that he did not show that he was qualified for the positions for which he applied. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 7
 Accordingly, the motion to strike portions of the joint appendix is granted and the judgment of the district court is affirmed for the reasons stated in the district court's order filed October 1, 1992. Rule 9(b)(3), Rules of the Sixth Circuit.